UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **GREGORY DON SEARLS** | **CIVIL ACTION** |
| **VERSUS** | **NO: 08-4050** |
| **STATE OF LOUISIANA, ET AL.** | **SECTION: "A" (4)** |

## REPORT AND RECOMMENDATION

This matter has been referred to the United States Magistrate Judge to conduct a hearing, including an Evidentiary Hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to **28 U.S.C. §§ 636(b)(1)(B) and (C), 1915(e)(2), and 1915A**, and, as applicable, **42 U.S.C. § 1997e(c)(1) and (2)**. Upon review of the entire record, the Court has determined that this matter can be disposed of without an Evidentiary Hearing.

### I.  Factual Summary

The Plaintiff, Gregory Don Searls ("Searls"), is a state prisoner presently housed at the Winn Correctional Center in Winnfield, Louisiana. He filed this *pro se* and *in forma pauperis* federal civil rights complaint pursuant to 42 U.S.C. § 1983 against the State of Louisiana, the Louisiana Department of Public Safety and Corrections, Secretary James LeBlanc, the Winn Correctional Center, the Louisiana State Penitentiary, Warden Timothy Wilkinson, Warden Burl Cain, the Parish of Jefferson, Judge Kernan Hand, Clerk of Court Jon A. Gegenheimer, and District Attorney Paul Connick. In this lawsuit, Searls claims that he is falsely imprisoned.

Searls alleges that, on July 30, 2002, he was convicted of burglary of a vehicle in a jury trial over which Judge Hand presided. Based on that conviction, Searls was sentenced to a term of five years imprisonment. Thereafter, the District Attorney's Office filed a Bill of Information charging him as a third felony offender. Searls alleges that he was then found to be a multiple offender and was sentenced as such to a term of twelve years imprisonment. In this civil action, Searls alleges that the multiple offender proceeding was improper and that no commitment was legally filed. He claims that, as a result, he has now been falsely imprisoned for approximately six years. As relief, he requests immediate release from confinement, unspecified injunctive relief, and monetary damages.

## II.  Standard of Review

When a prisoner files an *in forma pauperis* civil action seeking redress from a governmental entity or officer or employee of a governmental entity, the court is obliged to evaluate the complaint and dismiss it without service of process if it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2) and 1915A; *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990).

A complaint is frivolous "if it lacks an arguable basis in law or fact." *Reeves v. Collins*, 27 F.3d 174, 176 (5th Cir. 1994). In making a determination, the Court has "not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989); *Macias v. Raul A. (Unknown), Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994).

A complaint fails to state a claim on which relief may be granted when the plaintiff does not "plead enough facts to state a claim to relief that is plausible on its face. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007) (citation, footnote, and quotation marks omitted), *cert. denied*, 128 S. Ct. 1230 and 1231 (2008).

Although broadly construing Searls' complaint,[1] the Court nevertheless finds that, for the following reasons, the complaint should be dismissed as frivolous, for failing to state a claim on which relief may be granted, and/or for seeking monetary relief from a defendant who is immune from such relief.

### III. Analysis

#### A. Habeas Relief

As an initial matter, the Court notes that Searls requests in his complaint that he be granted "immediate release" from his allegedly illegal confinement. However, that form of relief cannot be granted in a civil rights action brought pursuant to 42 U.S.C. § 1983. Rather, Searls must seek that form of relief in a federal habeas corpus proceeding after exhausting his remedies in the state courts. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) ("[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus."); *Boyd v. Biggers*, 31 F.3d 279, 283 n.4 (5th Cir. 1994).

---

[1] The court must liberally construe a *pro se* civil rights complaint. *See Moore v. McDonald*, 30 F.3d 616, 620 (5th Cir. 1994).

3

However, as noted, Searls also seeks unspecified injunctive relief and monetary damages. For the following reasons, those forms of relief are also unavailable in this case.

### B. The Winn Correctional Center and the Louisiana State Penitentiary

In the caption of the complaint, Searls indicates that the Winn Correctional Center and the Louisiana State Penitentiary (which he refers to as "Angola Penitentiary") are being named as defendants. To the extent that he intended to sue those state prisons, his claims are improper and must be dismissed. "[A] jail is merely a building, not a 'person' subject to suit under 42 U.S.C. § 1983." *Castillo v. Blanco*, Civ. Action No. 07-215, 2007 WL 2264285, at *4 (E.D. La. Aug. 1, 2007); *see also Francis v. United States,* Civ. Action No. 07-1991, 2007 WL 2332322, at *2 & n.4 (E.D. La. Aug. 13, 2007); *Martinez v. Larpenter*, Civ. Action No. 05-874, 2005 WL 3549524, at *5 (E.D. La. Nov. 1, 2005); *Cullen v. DuPage County*, No. 99-C-1296, 1999 WL 1212570, at *1 (N.D. Ill. Dec. 14, 1999); *Whitley v. Westchester County Correctional Facility Administration*, No. 99-CIV-0420(SS), 1997 WL 659100, at *7 (S.D.N.Y. Oct. 22, 1997); *Powell v. Cook County Jail*, 814 F. Supp. 757, 758 (N.D. Ill. 1993); *Brooks v. Pembroke City Jail*, 722 F. Supp. 1294, 1301 (E.D.N.C. 1989); *Mitchell v. Chester County Farms Prison*, 426 F. Supp. 271, 274 (E.D. Pa. 1976).

### C. The State of Louisiana and the Louisiana Department of Public Safety and Corrections

Searls has also named the State of Louisiana and the Louisiana Department of Public Safety and Corrections as Defendants. Those Defendants are likewise improper and must be dismissed for the following reasons.

First, states and state agencies are not "persons" subject to suit under 42 U.S.C. § 1983. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989); *Hyatt v. Sewell*, 197 Fed. App'x 370 (5th Cir. 2006); *Cronen v. Texas Dep't of Human Services*, 977 F.2d 934, 936 (5th Cir. 1992); *Levy v.*

*Office of Legislative Auditor*, 362 F. Supp. 2d 729, 735 (M.D. La. 2005); *Goins v. State of Louisiana*, Civ. Action No. 04-1159, 2004 WL 2694899, at *2 (E.D. La. Nov. 22, 2004); *Greer v. Tran*, Civ. Action No. 02-3145, 2003 WL 21467558, at *2 (E.D. La. June 23, 2003).

Second, in any event, Searls's claims against the state and the state agency are barred by the Eleventh Amendment. The United States Fifth Circuit Court of Appeals has noted:

> The Eleventh Amendment bars a state's citizens from filing suit against the state or its agencies in federal courts. When a state agency is the named defendant, the Eleventh Amendment bars suits for both money damages and injunctive relief unless the state has waived its immunity. By statute, Louisiana has refused any such waiver of its Eleventh Amendment sovereign immunity regarding suits in federal court. See La.Rev.Stat.Ann. § 13:5106(A).
> Furthermore, Congress may only abrogate a state's Eleventh Amendment immunity by unequivocally expressing its intent to do so and by acting pursuant to a valid exercise of power. We note that in enacting § 1983, Congress did not explicitly and by clear language indicate on its face an intent to sweep away the immunity of the States.

*Cozzo v. Tangipahoa Parish Council-President Government*, 279 F.3d 273, 280-81 (5th Cir. 2002) (quotation marks and citations omitted).

### D. Judge Kernan Hand

Searls has also named as a Defendant Judge Kernan Hand; however, Searls makes no allegations against Judge Hand in the complaint. Nevertheless, it is well established that absolute judicial immunity protects a judge from liability for damages in his individual capacity for all judicial functions, so long as the judge does not act in clear absence of all jurisdiction:

> Judicial officers are entitled to absolute immunity from claims for damages arising out of acts performed in the exercise of their judicial functions. The alleged magnitude of the judge's errors or the mendacity of his acts is irrelevant. Judicial immunity can be overcome only by showing that the actions complained of were nonjudicial in nature or by showing that the actions were taken in complete absence of all jurisdiction.

*Boyd v. Biggers*, 31 F.3d 279, 284 (5th Cir. 1994) (citations omitted); *see also Brandley v. Keeshan*, 64 F.3d 196, 200 (5th Cir. 1995) (absolute immunity applies even where judge's "exercise of authority is flawed by grave procedural errors" or where the judge "took action maliciously or was in excess of his authority"); *Dayse v. Schuldt*, 894 F.2d 170, 172 (5th Cir. 1990).

In the instant case, the claim against Judge Hand is evidently based on actions he took in Searls' state criminal proceedings. Because there is no question that Judge Hand had jurisdiction over Searls' criminal case and the challenged actions were performed in the exercise of Judge Hand's judicial functions, he is entitled to absolute immunity with respect to any claim against him in his individual capacity for monetary damages.

As to any claim against Judge Hand in his official capacity for monetary damages, such claims are also barred. A judgment against Judge Hand in his official capacity would be satisfied out of the state treasury. La.Rev.Stat.Ann. § 13:5108.1. Therefore, any official-capacity claim against him is, in reality, a claim against the state itself, and, therefore, is barred by the Eleventh Amendment. *Voisin's Oyster House, Inc. v. Guidry*, 799 F.2d 183, 188 (5th Cir. 1986); *see also Wallace v. Texas Tech Univ.*, 80 F.3d 1042, 1047 n.3 (5th Cir. 1996) ("Suits against state officials in their official capacity are considered to be suits against the individual office, and so are generally barred as suits against the state itself."); *Rackley v. Louisiana*, Civ. Action No. 07-504, 2007 WL 1792524, at *3 (E.D. La. June 21, 2007).

Out of an abundance of caution, the Court further notes that Searls is also barred from seeking injunctive relief against Judge Hand. The Federal Courts Improvement Act of 1996, which amended 42 U.S.C. § 1983, provides that "in any action brought against a judicial officer for an act or omission taken in such officer's official capacity, injunctive relief shall not be granted unless a

declaratory decree was violated or declaratory relief is unavailable." 42 U.S.C. § 1983; *Guerin v. Higgins*, 8 Fed. App'x 31 (2nd Cir. 2001); *Nollet v. Justices of the Trial Court of the Commonwealth of Massachusetts*, 83 F. Supp. 2d 204, 210 (D. Mass.), *aff'd*, 248 F.3d 1127 (1st Cir. 2000). Moreover, even prior to that amendment, the United States Supreme Court held that federal courts generally should not intervene in the manner in which state judicial officers conduct criminal proceedings. The Supreme Court noted:

> The Court has recently reaffirmed the 'basic doctrine of equity jurisprudence that courts of equity should not act, and particularly should not act to restrain a criminal prosecution, when the moving party has an adequate remedy at law and will not suffer irreparable injury if denied relief.' *Younger v. Harris*, 401 U.S. 37, 43-44, 91 S.Ct. 746, 750, 27 L.Ed.2d 669 (1971). Additionally, recognition of the need for a proper balance in the concurrent operation of federal and state courts counsels against the issuance of injunctions against state officers engaged in the administration of the State's criminal laws in the absence of a showing of irreparable injury which is both "great and immediate." *Id.*, at 46, 91 S.Ct., at 751.

*O'Shea v. Littleton*, 414 U.S. 488, 499 (1974). A criminal defendant prejudiced by misconduct of a presiding judge finds relief not by bringing a federal lawsuit pursuant to 42 U.S.C. § 1983, but rather by availing himself of state procedures for a change of venue or recusal of a judge, seeking review of any resulting conviction through direct appeal or post-conviction collateral review, and filing a petition for federal habeas corpus relief in appropriate circumstances. *See id.* at 502.

### E. District Attorney Paul Connick

Searls has also named Jefferson Parish District Attorney Paul Connick ("Connick") as a Defendant; however, Searls also makes no allegations against Connick in the complaint. Nevertheless, even if the Court assumes that Connick was personally involved in Searls's state

7

criminal prosecution,[2] any claim against him fails based on his absolute prosecutorial immunity. "Prosecutorial immunity applies to the prosecutor's actions in initiating the prosecution and in carrying the case through the judicial process." *Boyd v. Biggers*, 31 F.3d 279, 285 (5th Cir. 1994). A prosecutor's absolute immunity also extends to "actions preliminary to the initiation of a prosecution and actions apart from the courtroom." *Buckley v. Fitzsimmons*, 509 U.S. 259, 272 (1993). Further, "[a]bsolute immunity shelters prosecutors even when they act maliciously, wantonly or negligently." *Rykers v. Alford*, 832 F.2d 895, 897 (5th Cir. 1987) (quotation marks omitted).

### F. Jefferson Parish

Searls has also named Jefferson Parish as a Defendant; however, again, Searls makes no allegations against that defendant in the complaint. Nevertheless, that claim fails for at least two reasons.

First, plaintiff has not alleged a proper *Monell* claim[3] against the parish government in this case. Regarding such claims, the United States Fifth Circuit Court of Appeals has held:

> In order to hold a municipality or a local government unit liable under Section 1983 for the misconduct of one of its employees, a plaintiff must initially allege that an official policy or custom was a cause in fact for the deprivation of the rights inflicted. To satisfy the cause in fact requirement, a plaintiff must allege that the custom or policy served as the moving force behind the constitutional violation

---

[2]The Court notes that it is unlikely that Connick personally took any action with respect to Searls's case. Without such personal involvement, the claim necessarily fails. Connick may be held liable under § 1983 only if he was personally involved in depriving Searls of his constitutional rights or if a causal connection existed between an act of Connick and the alleged constitutional violation. *See Douthit v. Jones*, 641 F.2d 345, 346 (5th Cir. 1981); *see also Watson v. Interstate Fire & Casualty Co.*, 611 F.2d 120, 123 (5th Cir. 1980). On the other hand, if Searls is seeking to hold Connick liable based solely on his supervisory position, such supervisory liability is not recognized in federal civil rights actions. Under 42 U.S.C. § 1983, a supervisory official is not liable for the actions of his subordinates under any theory of vicarious liability. *Thompkins v. Belt*, 828 F.2d 298, 303 (5th Cir. 1987); *see also Oliver v. Scott*, 276 F.3d 736, 742 (5th Cir. 2002) ("Section 1983 does not create supervisory or *respondeat superior* liability.").

[3] *See Monell v. Department of Social Services*, 436 U.S. 658 (1978).

> at issue or that [his] injuries resulted from the execution of the official policy or custom. The description of a policy or custom and its relationship to the underlying constitutional violation, moreover, cannot be conclusory; it must contain specific facts.

*Spiller v. City of Texas City, Police Department*, 130 F.3d 162, 167 (5th Cir. 1997) (quotation marks, brackets, and citations omitted). Plaintiff has made no allegation whatsoever that his alleged injuries in the instant case were caused by a policy or custom of the Jefferson Parish government.

Second, in any event, plaintiff *cannot* allege a valid *Monell* claim against Jefferson Parish. In this lawsuit, Searls complains about his allegedly wrongful multiple offender adjudication in the Louisiana Twenty-Fourth Judicial District Court and his resulting confinement in the Louisiana Department of Public Safety and Corrections. The parish government has no authority or control over either that state court or that state agency.

### G. Secretary James LeBlanc, Warden Timothy Wilkinson, and Warden Burl Cain

Searls has also named Louisiana Department of Public Safety and Corrections Secretary James LeBlanc ("LeBlanc"), Warden Timothy Wilkinson ("Wilkinson"), and Warden Burl Cain ("Cain") as Defendants.

To the extent that Searls is asserting claims against LeBlanc, Wilkinson, and Cain in their official capacities for monetary damages, those claims are improper. LeBlanc, Wilkinson, and Cain are officials or employees of the Louisiana Department of Public Safety and Corrections. State officers in their official capacities are not "persons" amenable to suit for damages under § 1983. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989); *see also Arizonans for Official English v. Arizona*, 520 U.S. 43, 69 n.24 (1997). The official-capacity claims for monetary damages are also barred by the Eleventh Amendment. *See, e.g., Williams v. Thomas*, 169 Fed. App'x 285,

286 (5th Cir. 2006); *Hodge v. B.B. Sixty Rayburn Corr. Center*, Civil Action No. 08-3193, 2008 WL 4628586, at *3 (E.D. La. Oct. 16, 2008).

To the extent that Searls is asserting claims against LeBlanc, Wilkinson, and Cain in their individual capacities or in any capacity for injunctive or declaratory relief,[4] those claims are currently barred for the following reasons.

Searls' complaint invokes the Court's jurisdiction under 42 U.S.C. § 1983. Section 1983 provides a cause of action for "the deprivation of any rights, privileges, or immunities secured by the Constitution and laws" by any person acting "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory." 42 U.S.C. § 1983.

The United States Supreme Court, however, has limited the availability of § 1983 actions for prisoners in certain instances. Of relevance here, the Supreme Court has stated that a § 1983 plaintiff may not recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions which would render a conviction or sentence invalid, until such time as his conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus under 28 U.S.C. § 2254. *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). Under *Heck*, a plaintiff's federal claim for damages is therefore barred as premature if a judgment in his favor on the claim would "necessarily imply" the invalidity of his state conviction or confinement. *Hudson v. Hughes*, 98 F.3d 868, 872 (5th Cir. 1996). *Heck* has been extended to also bar claims for declaratory and injunctive relief. *See, e.g., Walton v. Parish*

---

[4]Official-capacity claims seeking relief that is declaratory or injunctive in nature and prospective in effect are not barred by *Will* or the Eleventh Amendment. *Will*, 491 U.S. at 71 n. 10; *Aguilar v. Texas Department of Criminal Justice*, 160 F.3d 1052, 1054 (5th Cir. 1998).

*of LaSalle*, 258 Fed. App'x 633, 633-34 (5th Cir. 2007); *Collins v. Ainsworth*, 177 Fed. App'x 377, 379 (5th Cir. 2005); *Shaw v. Harris*, 116 Fed. App'x 499, 500 (5th Cir. 2004). Claims barred by *Heck* are legally frivolous. *Hamilton v. Lyons*, 74 F.3d 99, 102-03 (5th Cir. 1996).

In the instant case, Searls alleges that he was improperly adjudicated as a multiple offender and, therefore, his resulting confinement constitutes false imprisonment. If those allegations were found to be true and judgment were rendered in Searls' favor in this lawsuit, that judgment would necessarily imply that his state multiple offender adjudication and his resulting incarceration are improper. Because Searls cannot show that his multiple offender adjudication or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, his claims challenging the adjudication and confinement are therefore currently barred by *Heck*. *See Hopper v. Easley*, No. 98-7792, 1999 WL 270371 (4th Cir. May 4, 1999); *Augustin v. Prieto*, Civ. Action No. 06-7193, 2007 WL 38324, at *3 (E.D. La. Jan. 3, 2007). Accordingly, Searls' claims against LeBlanc, Wilkinson, and Cain in their individual capacities for monetary damages or in any capacity for injunctive or declaratory relief should therefore be dismissed with prejudice until such time as the *Heck* conditions are met. *Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996).

### H. Clerk of Court Jon A. Gegenheimer

Searls has also named as a Defendant Jon A. Gegenheimer, the Jefferson Parish Clerk of Court. The claims against Gegenheimer fail for the following reasons.

To the extent that Searls is suing Gegenheimer in his official capacity, no claim has been stated. "Official capacity suits generally represent another way of pleading an action against an

entity of which an officer is an agent." *Burge v. Parish of St. Tammany*, 187 F.3d 452, 466 (5th Cir. 1999). Accordingly, an official-capacity claim against Gegenheimer would in reality be a claim against the local governmental entity he serves. However, in order to hold a local governmental entity accountable for a constitutional violation, a plaintiff must allege that the constitutional violation at issue resulted from a policy or custom adopted or maintained by the local governmental body. *See Olabisiomotosho v. City of Houston*, 185 F.3d 521, 528-29 (5th Cir. 1999). Searls does not allege that the actions about which he complains resulted from an official policy or custom.

Searls has also failed to state a claim against Gegenheimer in his individual capacity. The United States Fifth Circuit Court of Appeals has noted: "Plaintiffs suing governmental officials in their individual capacities ... must allege specific conduct giving rise to a constitutional violation. This standard requires more than conclusional assertions: The plaintiff must allege specific facts giving rise to the constitutional claims." *Oliver v. Scott*, 276 F.3d 736, 741 (5th Cir. 2002) (citation omitted). Additionally, as previously noted, it is clear that "[p]ersonal involvement is an essential element of a civil rights cause of action." *Thompson v. Steele*, 709 F.2d 381, 382 (5th Cir. 1983). In the instant case, Searls has made no allegations whatsoever concerning Gegenheimer or his personal involvement in the events on which the instant claims are based.[5]

**IV.     Recommendation**

It is therefore **RECOMMENDED** that Gregory Don Searls's § 1983 claims against the Winn Correctional Center, the Louisiana State Penitentiary, the State of Louisiana, the Louisiana Department of Public Safety and Corrections, Judge Kernan Hand, District Attorney Paul Connick,

---

[5]Further, in any event, even if specific allegations had been made against Gegenheimer, Searls claims would still be barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), for the reasons previously explained.

the Parish of Jefferson, and Clerk of Court Jon A. Gegenheimer be **DISMISSED WITH PREJUDICE**.

It is **FURTHER RECOMMENDED** that Searls's § 1983 official-capacity claims against Secretary James LeBlanc, Warden Timothy Wilkinson, and Warden Burl Cain for monetary damages be **DISMISSED WITH PREJUDICE**.

It is **FURTHER RECOMMENDED** that Searls's § 1983 official-capacity claims against Secretary James LeBlanc, Warden Timothy Wilkinson, and Warden Burl Cain for injunctive or declaratory relief and Searls's § 1983 individual-capacity claims against LeBlanc, Wilkinson, and Cain be **DISMISSED WITH PREJUDICE** to their being asserted again until the *Heck* conditions are met.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within ten (10) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996).

New Orleans, Louisiana, this 21st day of January, 2009.

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**